Dear Mr. Cousin:
This office is in receipt of your request for an Attorney General's opinion on behalf of the Iberia Parish Airport Authority (the "Authority").
According to your correspondence, the Authority is the operator of the Acadiana Regional Airport located in Iberia Parish, Louisiana. You further advise that the airport property operated by the Authority includes an airfield and several hundred surrounding acres, some of which has been developed into an Industrial Park.
It is our understanding that the Authority has agreed to sell, for cash, a particular site within the Industrial Park, consisting of 2.27 acres, to Louisiana Specialty Products, Inc. ("LSP") at the appraised value of $50,000. LSP is expected to build a vinegar production plant upon that site. The subject of your inquiry is however, an adjoining tract of land, upon which LSP proposes to operate a storage facility as part of its vinegar production business.
It is expected that construction of the storage tank facility, to be undertaken by the Authority, will be funded entirely with a grant from the Louisiana Economic Development Corporation, acting through the Louisiana Department of Economic Development ("LED"). It is also expected that in addition to the storage facility, the grant money will also be utilized to construct a new asphalt roadway and a railroad track spur to service the storage tank facility. The Authority will then lease the storage tank facility to LSP, for its exclusive use.
You advise that the Authority proposes to lease the storage tank facility to LSP at an initial rental of $768 per year ($0.04 per square foot), the standard base rental rate charged by the Authority for raw land at the airport, for the first seven (7) years of the lease term, with two five (5) year options to renew, for the same annual consideration. The Authority proposes to charge no rental on the improvements to be constructed with the LED grant.
It has been suggested to the Authority that the proposed creation of 23 new jobs within three years (as will be required of LSP in the grant agreement by and between LED, LSP and the Authority) as well as the economic development benefits expected by virtue of having LSP locate its operations at the Industrial Park, will create a substantial benefit to the public, and presumably to the Authority, justifying the lease of the storage tank facility for a nominal consideration.
Specifically, on behalf of the Authority, you request our opinion as to the legality of the Authority's proposed arrangement with LSP, particularly in light of LA. Const. Art. VII, Sec. 14.
In connection with your inquiry, we call your attention to the following provisions of law.
La. Const. Art. VI, Sec. 21 pertinently provides that " in order to induce and encourage the location of or addition to industrial enterprises therein which would have economic impact upon the area and thereby the state the legislature may by law authorize subject to restrictions it may impose, any political subdivision" to acquire and improve "industrial plant buildings and industrial plant equipment, machinery, furnishings, and appurtenances" and to "sell, lease, lease purchase, or demolish all or any part of the foregoing".
Pertinently, LSA-R.S. 2:331 provides airport districts and authorities with the authority to acquire and improve land for industrial parks, to construct or improve industrial plant buildings, and to " lease, by suitable and appropriate contract, to any enterprise locating or existing within such airport district, commission, board or airport authority, a plant site, appurtenances and plant building or buildings, either, both or severally."
Also pertinent to your inquiry is LSA-R.S. 33:4717.2, which in part, grants political subdivisions of the state which are permitted by law to own land, buildings, or other property for industrial inducement purposes, the authority to sell, lease or otherwise dispose of all or any part of industrial plant site, building, port, harbor or terminal facility, or other property owned by the political subdivision. This statute provides that the governing authority of the political subdivision may consider the potential value of the economic impact of the enterprise being induced to locate or expand within the political subdivision, as well as the value of the property involved, in determining the consideration of the transfer.
In our opinion, the above referenced provisions of law provide the Authority with authority to enter into the Authority's proposed arrangement with LSP, as long as the Authority determines that the location of LSP's operations within the Authority's Industrial Park will bring about a positive economic impact for the public and the Authority such as is sufficient to justify the industrial inducement to LSP.
We understand your concern that a lease to LSP for a nominal amount could arguably violate La. Const. Art. VII, Sec 14's prohibition of loans, pledges or donations by political subdivisions to or for any person, association or corporation. However, in our opinion, the industrial inducement provisions of La. Const. Art. VI, Sec. 21, quoted above, provide an exception to La. Const. Art. VII, Sec. 14, in situations involving industrial inducement. La. Const. Art. VII, Sec. 14
pertinently provides: "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated. . .". In accord: Attorney General's Opinion No. 02-0304.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY:________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam